843 So.2d 1109 (2003)
Brian R. BECHT
v.
MORGAN BUILDING & SPAS, INC.
No. 2002-C-2047.
Supreme Court of Louisiana.
April 23, 2003.
*1110 John T. Andriskhok, Jude C. Bursavich, Murphy J. Foster, III, Baton Rouge, Counsel for Applicant.
Chad F. Reynolds, Baton Rouge, Counsel for Respondent.
KNOLL, Justice.
Louisiana Revised Statutes 23:631(A)(1)(b) imposes the duty upon an employer to pay any amount due under the terms of employment to an employee, upon his or her resignation, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first. We granted this writ for the sole reason of evaluating the correctness of the court of appeal's finding that an extension of this statutorily imposed time period by an employment contract is contrary to public policy. However, after granting the writ we learned that prior to trial, the parties had entered into a stipulation of facts which prevents us from reaching the issue for which we granted the writ. We find the court of appeal unnecessarily reached this legal issue because all of the elements necessary to establish a violation of La. R.S. 23:631 are present in the stipulation. Accordingly, we pretermit the issues raised in the court of appeal opinion and affirm, as the result is correct.

FACTS AND PROCEDURAL HISTORY
Plaintiff was employed by defendant on February 23, 1998, as a salesman of portable or modular buildings, portable spas, hot tubs, gazebos and greenhouses. In connection with his hiring, plaintiff signed a Standard Employment/Non-Competition Agreement which set out the terms of his employment. Pursuant to the agreement, plaintiff was employed on a full-time basis, earning straight commission. Upon termination, the agreement specified that a sales person who made a sale "will receive his or her 75% share of the Store's Commissions on those sales made prior to termination if the product has been DELIVERED, ACCEPTED, by the customer AND the account has been PAID IN FULL prior to the end of the last business day during which he or she was at work. The final commissions, if any, will be paid within forty-five (45) days of the end of the month during which the salesperson terminated."
On September 7, 1998, plaintiff voluntarily resigned from his sales position and, on October 7, he made a demand for unpaid wages. On November 23, 1998, 47 days past demand, plaintiff received a paycheck in the amount of $386.47 representing commissions arising from contracts on which plaintiff was identified as the salesman and which had been delivered and completely funded on the date plaintiff left his employment. Nevertheless, on March 4, 1999, plaintiff brought suit alleging he had not been paid in full in accordance with La. R.S. 23:631 and sought penalties and attorney's fees pursuant to La. R.S. 23:632. Before trial in the city court of Baton Rouge, the parties submitted the *1111 case on briefs pursuant to a stipulation of facts entered into on May 8, 2000. In particular, the parties agreed to the following:
6.
On October 7, 1998, Becht made a demand for payment through Lee Pace, an employee of Morgan
* * * *
8.
Contract number 446736, in the name of Jeff Pollard, was delivered on August 27, 1998 and completely funded on August 24, 1998. Becht was identified as the salesman on this contract and has not been paid a commission on said contract. The commission due is $41.15.
* * * *
13.
For purposes of calculation of average daily wage, the parties have agreed to average Becht's wages over the course of his employment. Thus, Becht's average daily wage is $99.04.
On August 4, 2000, the trial court rendered judgment in favor of plaintiff. In its reasons for judgment, the court stated that under La. R.S. 23:632, plaintiff was entitled to 90 days penalty wages, totaling $8,913.60, based on the neglect of defendant to pay plaintiff the commission of $41.15. The court further found La. R.S. 23:632 entitled plaintiff to $4,247.48 in attorney's fees.
On appeal, the First Circuit affirmed the trial court's award. In so doing, the court of appeal rejected defendant's argument that the matter was governed by the terms of the employment contract which provided "final commissions, if any, will be paid within forty-five (45) days of the end of the month during which the salesperson terminated," rather than La. R.S. 23:631, which strictly requires the payment of wages not later than fifteen days following discharge or resignation. The court found that the main purpose of La. R.S. 23:631 and 23:632 was to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation. Because the provisions were intended to protect the public interest, the court found that defendant could not rely on a contract term in direct violation of this well-established Louisiana law. Accordingly, the court of appeal held that penalty wages provided under La. R.S. 23:632 were properly awarded due to defendant's failure to pay plaintiff his earned wages within fifteen days of resignation.[1]

DISCUSSION
Louisiana Revised Statutes 23:631(A)(1)(b) creates liability for an employer who fails to timely pay wages owed to an employee after the employee voluntarily leaves employment:
Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.
In addition, La. R.S. 23:632 specifies that penalty wages and attorney's fees may be awarded for such a violation: *1112 Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from the time of making the first demand following discharge or resignation.
In order to recover penalty wages and attorney's fees under La. R.S. 23:632, the claimant must show that (1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand. Miller v. Heidi's Inc. of Baton Rouge, 818 So.2d 959, 963 (La.App. 1 Cir.2002); Cleary v. LEC Unwired, L.L.C., 804 So.2d 916, 923 (La.App. 1 Cir.2001); Harvey v. Bass Haven Resort, Inc., 758 So.2d 264, 268 (La.App. 3 Cir. 2000); Richard v. Vidrine Automotive Services, Inc., 729 So.2d 1174, 1177 (La. App. 1 Cir.1999); Hebert v. Insurance Center, Inc., 706 So.2d 1007, 1013 (La.App. 3 Cir.1998); Pokey v. Five L Investments, Inc., 681 So.2d 489, 492 (La.App. 1 Cir. 1996).
Defendant asserts that, pursuant to the employment contract, it was not obligated to provide a final accounting of commissions until November 14, 199845 days from the end of the month plaintiff's employment was terminated. Defendant further claims that it did not receive a waybill documenting that contract 446736 had been delivered to the customer until November 19, 1998. As a result, defendant contends that plaintiff's demand for payment on October 7, 1998 was premature, and therefore, without effect.
Defendant's argument is without merit. Contrary to the court of appeal, however, we find that an analysis of the public policy implication arising from an employment contract which extends the deadline under La. R.S. 23:631 is unnecessary in this case. We instead find defendant's claims are forestalled by the clear terms of the stipulation of facts entered into by the parties on May 8, 2000. As this Court stated in R.J. D'Hemecourt Petroleum, Inc. v. McNamara, 444 So.2d 600 (La.1983):
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. Such agreements are the law of the case.
Id. at 601 (citations omitted). Accordingly, we note with significance that all of the elements necessary to establish a violation of La. R.S. 23:631 are sufficiently presented in the stipulation itself. Indeed, the stipulation clearly states that plaintiff "made a demand for payment through Lee Pace, an employee of [defendant]" on October 7, 1998. Furthermore, the stipulation reflects that all of the conditions entitling plaintiff to a commission under the employment contract, i.e., delivery, acceptance, and payment by the customer, had been satisfied before plaintiff resigned from employment. Indeed, defendant concedes that plaintiff was still "due" $41.15 in *1113 commissions arising from a contract number 446736 as of the time of trialover a year and a half after he resigned. Therefore, payment was not timely made under either the fifteen day period proscribed by La. R.S. 23:631 or the forty-five day period outlined in the employment contract.
Because we granted this writ solely to evaluate the court of appeal's holding regarding the extension of the La. R.S. 23:631 deadline, we pretermit defendant's remaining assignment of errors.

DECREE
For the foregoing reasons, the lower courts' awards of penalty wages and attorney's fees are affirmed.
AFFIRMED.
CALOGERO, C.J., and VICTORY and JOHNSON, JJ., concur.
NOTES
[1] The court also awarded plaintiff an additional sum of $1000.00 in attorney's fees for the appeal.