ROLAND L. BELSOME, Judge.
 

 |, Plaintiff-Appellant Gregory Peters appeals the judgment of the Office of Workers’ Compensation (“OWC”) denying his Motion to Amend Judgment Calculation Errors. For the reasons set forth below, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 Mr. Peters was hired as a driver for Greyhound Bus Lines, Inc. (“Greyhound”) in 1996. On February 1, 2007, while operating a Greyhound bus, Mr. Peters suffered a panic attack subsequent to an altercation with a passenger. As a result, Mr. Peters sought treatment for his anxiety disorder and filed a Disputed Claim for Compensation with the OWC. Greyhound denied the claim.
 

 The matter was brought for trial on December 5, 2008. The OWC determined that Mr. Peters had suffered a compensa-ble work-related injury and rendered judgment in his favor on January 13, 2009. Pursuant to a joint stipulation between counsel regarding Mr. Peters’ average weekly wage (“AWW”), Greyhound was ordered to pay temporary total disability (“TTD”) benefits in the amount of $333.00 per week from February 1, 2007 through September 21, 2007, plus certain medical expenses. Greyhound appealed the judgment, which this |2Court affirmed.
 
 Peters v. Greyhound Bus Lines, Inc.,
 
 2007-6092 (La.App. 4 Cir. 9/23/09), 22 So.3d 1092. Mr. Peters did not appeal this Court’s judgment.
 

 
 *231
 
 On December 1, 2009, Mr. Peters filed a Motion to Amend Judgment Calculation Errors, asserting that sometime after receiving his disability benefits, he realized that his AWW was $806.30, not the $500.00 stipulated to at trial, and that the corresponding weekly TTD benefits should have been $478.00, not $333.00. Mr. Peters argues that because the TTD benefits were based on an incorrect AWW, he seeks to correct a calculation error, which is permitted under La. C.C.P. art. 1951. Greyhound filed an opposition, arguing that the motion attempted to make an impermissible substantive change to the judgment.
 

 The matter was brought before the OWC on January 15, 2010. Following oral argument of counsel, Mr. Peters’ motion to amend was denied. Mr. Peters timely filed his
 
 pro se
 
 appeal.
 

 STANDARD OF REVIEW
 

 In workers’ compensation cases, the appropriate standard of review is the “manifest error-clearly wrong” standard.
 
 Dean v. Southmark Construction,
 
 2003-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety.
 
 Id.
 
 Under this standard, the reviewing court does not decide whether the factfinder was right or wrong, but only whether its findings are reasonable.
 
 Buxton v. Iowa Police Dept.,
 
 2009-0520, p. 18 (La.10/20/09), 23 So.3d 275, 287.
 

 When legal error interdicts the fact-finding process in a workers’ compensation proceeding, the
 
 de novo,
 
 rather than the manifest error, standard of preview applies.
 
 MacFarlane v. Schneider Nat. Bulk Carriers, Inc.,
 
 2007-1386, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, 188.
 

 DISCUSSION
 

 Mr. Peters asserts three assignments of error: (1) the OWC made an error in applying La. C.C.P. art. 1951 in denying his motion to correct calculation; (2) The OWC erred in not applying the correct AWW pursuant to La. R.S. 23:1021(12)(a)(ii)
 
 [1]
 
 ; and (3) the OWC erred in not calculating his AWW at $478.00.
 

 It is well-settled that a judgment that has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law.
 
 Bourgeois v. Kost,
 
 2002-2785, p. 7 (La.5/20/03), 846 So.2d 692, 696. Likewise, the trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error.
 
 Id.
 

 La. C.C.P. article 1951 provides:
 

 A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
 

 (1) To alter the phraseology of the judgment, but not the substance; or
 

 (2) To correct errors of calculation.
 

 
 *232
 
 This Court has recognized that an amendment which “adds to, subtracts from, or in any way affects the substance of the judgment” is considered to be a 14substantive amendment to a judgment.
 
 Palmer v. Leclercq,
 
 2007-0604, p. 6 (La.App. 4 Cir. 9/24/08), 996 So.2d 21, 24;
 
 Nichols v. Nichols,
 
 2008-0207, p. 4 (La.App. 4 Cir. 1/14/09), 4 So.3d 134, 136. Accordingly, a substantive amendment, such as the one sought by Mr. Peters, is not authorized by the plain language of Article 1951.
 
 Denton v. State Farm,
 
 2008-0483, p. 6 (La.12/12/08), 998 So.2d 48, 52 (recognizing that “[i]t is well established that Article 1951 contemplates the correction of a ‘clerical error’ in a final judgment, but does not authorize substantive amendments”).
 

 To alter the substance of a judgment, the proper recourse is a timely application for new trial, an action for nullity, or a timely appeal.
 
 Palmer,
 
 996 So.2d at 24. Mr. Peters did not file a new trial motion or an action for nullity, nor did Mr. Peters appeal the January 13, 2009 judgment. Additionally, although Greyhound appealed the January 13, 2009 judgment, Mr. Peters did not assert any calculation errors by the OWC in that appeal.
 
 See Peters v. Greyhound Bus Lines, Inc., supra.
 

 Furthermore, a review of the record evidences that Mr. Peters’ workers’ compensation benefits were correctly calculated based on the joint stipulation as to his average weekly wage earnings.
 
 [2]
 
 The AWW award of $333.33 was correctly calculated at two-thirds of the stipulated $500.00. Mr. Peters does not assert that he objected to or challenged the average weekly wage stipulation, either at trial or lfion appeal. Accordingly, Mr. Peters’ argument that the judgment was erroneously calculated, and may therefore be altered, must fail.
 
 [3]
 

 With regard to the stipulation itself, the Louisiana Supreme Court has acknowledged that “[i]t is well established that a stipulation has the effect of a judicial admission or confession, which binds all parties and the court.”
 
 Becht v. Morgan Bldg. & Spas, Inc.,
 
 2002-2047, p. 5 (La.4/23/03), 843 So.2d 1109, 1112;
 
 See also
 
 La. C.C. art. 1853. Stipulations between parties are thus binding on the trial court when not in derogation of law, and the stipulations become the law of the case.
 
 [4]
 

 Id.
 
 Accordingly, a judicial admis
 
 *233
 
 sion or stipulation “cannot later be denied when the party, which the admission bene-fitted, relied upon it to his or her detriment.”
 
 Cain v. Aquarius Builders, Inc.,
 
 96-66, p. 12 (La.App. 5 Cir. 7/30/96), 680 So.2d 69, 75 (citing
 
 Crawford v. Deshotels,
 
 359 So.2d 118 (La.1978);
 
 Dolsen v. City of New Orleans,
 
 559 So.2d 50 (La.App. 4 Cir.1990)).
 

 1 .CONCLUSION
 

 Upon a review of the record in its entirety, we find no error on the part of the OWC in denying Mr. Peters’ motion to substantively alter the January 13, 2009 judgment. The trial court’s denial of the Motion to Amend Judgment Calculation Errors is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . La. R.S. 23:1021(12)(a)(iii) provides:
 

 (12) "Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
 

 (a) Hourly wages.
 

 [[Image here]]
 

 (iii) If the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.
 

 [2]
 

 .
 
 In an exhibit attached to Greyhound’s Memorandum in Opposition to Plaintiff's Motion to Amend Judgment Calculation Errors, the trial transcript evidences the following exchange between the court and counsel for Mr. Peters:
 

 The Court: Let [personnel records for Mr. Peters and bus maintenance records] come into evidence. Any other stipulations before we call our first witness?
 

 [Counsel for Mr. Peters]: Yes, Your Honor, my colleague and I have agreed to stipulate as to earnings, weekly earnings.
 

 [3]
 

 . The only evidence of Mr. Peters’ earnings contained in the appellate record is a one-page document with the heading “Earnings Statement.” The document was attached to Mr. Peters' Motion to Amend Judgment Calculation Errors. The document evidences that Mr. Peters’ "gross pay" for the pay period of February 7, 2007 through February 16, 2007 was $880.90; his gross pay for the pay period of January 24, 2007 through February 2, 2007 was $1,732.25; and his gross pay for the pay period of January 10, 2007 through January 19, 2007 was $1,416.33. Although these are nine-day pay periods, the vast discrepancy between Mr. Peters’ gross pay and his stipulated AWW is a fact that was presumably well known by both Greyhound and counsel for Mr. Peters at the time of trial.
 

 [4]
 

 .The Louisiana Supreme Court has articulated policy reasons behind the law of the case doctrine:
 

 This policy applies only against those who were parties to the case when the former appellate decision was rendered and who
 
 *233
 
 thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
 

 Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.,
 
 260 La. 325, 330, 256 So.2d 105, 107 (La.1971) (footnotes omitted).