STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-787


RED BALL OXYGEN, INC.

VERSUS

JOHN SWILLEY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 227,968
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.


AFFIRMED.

Robert G. Nida
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
Counsel for Defendant/Appellant:
John Swilley

Thomas D. Davenport, Jr.
The Davenport Firm, APLC
1628 Metro Drive
Alexandria, LA 71301
(318) 445-9696
Counsel for Plaintiff/Appellee:
Red Ball Oxygen, Inc.

**Ezell, Judge.**

This appeal presents the issue of whether sufficient evidence was presented to establish that earned commissions were never paid to John Swilley by his former employer, Red Ball Oxygen, Inc. The trial court found that there was not sufficient evidence, and we affirm that decision for the following reasons.

## FACTS

In February 1999, John Swilley went to work with Red Ball as an outside salesman and signed an employment agreement with them. Mr. Swilley was paid a monthly commission based on his percentage of sales. On March 30, 2007, Mr. Swilley's employment was terminated by Red Ball.

On May 11, 2007, Red Ball filed a petition for injunction alleging that Mr. Swilley had violated a non-compete provision of the employment contract. An interim order was entered by the trial court in September 2007 prohibiting Mr. Swilley from soliciting current or former customers of Red Ball. Subsequently, a judgment was entered enjoining Mr. Swilley from soliciting customers of Red Ball.

On October 16, 2007, Mr. Swilley filed a reconventional demand which included a demand for judgment against Red Ball for its failure to pay earned commissions and for penalties and attorney fees pursuant to La.R.S. 23:631 and 23:632. Mr. Swilley died on April 8, 2009, and his wife Marianne Swilley was substituted as plaintiff in the case.

Trial on the reconventional demand was held on January 21, 2011, at which time the issues of past-due wages, penalties, and attorney fees were addressed. The trial court found that Mrs. Swilley proved that Mr. Swilley was due some commissions for the month of March 2007. However, she could not establish the amount he was owed. Mrs. Swilley admitted that, in April 2007, following her husband's termination, $2,736.60 had been deposited into their bank account, where the commissions were normally deposited. The trial court held that Mrs. Swilley

failed to prove that the $2,736.60 deposit was not a payment of commissions due and was not made within the fifteen days provided by law.[1]  Therefore, the trial court found that Mrs. Swilley was not entitled to penalties and attorney fees.  Judgment dismissing Mrs. Swilley's claims against Red Ball was signed on March 9, 2011.  Mrs. Swilley appeals the trial court's judgment.

## PROFFER NUMBER ONE

In support of her case, Mrs. Swilley sought to introduce an offer to compromise. Mrs. Swilley argues she is entitled to introduce the offer because Red Ball introduced into evidence answers to interrogatories which contained a reference to the offer.  The offer was originally attached to the answers but was not included as part of the exhibit introduced into evidence.

Louisiana Code of Evidence Article 408(A) provides that evidence of an offer to compromise a claim is not admissible to prove liability.  The fact that the answers refer to an offer to settle Mr. Swilley's claim does not amount to a waiver of the provisions of Article 408.  Furthermore, as indicated by Mrs. Swilley in her brief, the answers themselves did provide a summary of the critical information contained in the proffer as summarized by Mrs. Swilley, including the fact that Red Ball had prepared a general release agreement which Mr. Swilley refused to execute.  The trial court had this evidence to consider in making its decision.   We find no error in the trial court's refusal to admit an offer to compromise.

## STANDARD OF REVIEW

Mrs. Swilley asserts that this court should review the case utilizing a de novo standard.  She argues that the trial court did not make any determinations of credibility but simply made a decision as to the sufficiency of the evidence.

"Louisiana Revised Statues 23:631(A)(1)(6) creates liability for an employer who fails to timely pay wages owed to an employee after the employee voluntarily

---

[1] The trial court incorrectly referred to the amount as $2,276.71 in its reasons for judgment.

2

leaves employment," and "La.R.S. 23:632 specifies that penalty wages and attorney's fees may be awarded for such violation." *Becht v. Morgan Bldg. & Spas, Inc.*, 02-2047, p. 4 (La. 4/23/03), 843 So.2d 1109, 1111, *cert. denied*, 540 U.S. 878, 124 S.Ct. 289 (2003).

"In order to recover penalty wages and attorney's fees under La.R.S. 23:632, the claimant must show that (1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand." *Id*. at 1112 (citations omitted).

"A trial court's findings of fact with regard to whether a plaintiff is entitled to penalty wages cannot be reversed on appeal in the absence of manifest error or unless clearly wrong." *Smith v. Acadiana Mortgage of Louisiana, Inc.*, 42,795, p. 7 (La.App. 2 Cir. 1/30/08), 975 So.2d 143, 148-49 (citations omitted).

The trial court found that Mrs. Swilley met her burden of proving that Mr. Swilley did earn at least some amount of commission during March 2007. As recognized by Mrs. Swilley, she did not present sufficient evidence to permit the trial court to calculate precisely the commissions that Mr. Swilley had earned at the time of his discharge. However, the trial court found that the deposit of $2,736.60 by Red Ball was payment of the commissions due for March and was made within fifteen days as provided by the law. These conclusions involve an analysis of the facts presented at trial which are subject to the manifest error standard of review.

Mrs. Swilley also claims that the trial court improperly shifted the burden of proof on questions relating to the extraneous payment of $2,736.60, which requires a de novo review, citing *Dousay v. Allstate Ins. Co.*, 99-32 (La.App. 3 Cir. 6/2/99), 741 So.2d 750. She argues that Red Ball failed to plead payment of the commissions as an affirmative defense, so it was Red Ball's burden to prove that payment of the $2,736.60 was a payment of commissions once she established a prima facie case that Red Ball did not pay commissions to Mr. Swilley.

3

"[A]n affirmative defense raises a new matter or issue that will defeat the plaintiff's claim on the merits, even assuming that claim is valid and that the allegations of the petition are true." *Fishbein v. State ex rel. LSU Health Sciences Ctr.*, 06-549, pp. 6-7 (La.App. 1 Cir. 3/9/07), 960 So.2d 67, 71-72, *writs denied*, 07-708, 07-730 (La. 6/22/07), 959 So.2d 495, 505. "Implicit in that definition is the conclusion that a defendant is not required to raise an issue as an affirmative defense if it does not raise a 'new matter.'" *Id.* at 72. "The purpose of pleading a special defense is to give fair and adequate notice of the nature of the defense so that the plaintiff is not surprised." *Id.* "Where a defense to a plaintiff's claim arises by operation of the very law under which the plaintiff is seeking recovery, the defense need not be affirmatively pleaded and there can be no unfair surprise, since no one may avail himself of ignorance of the law." *Id.*

The law is clear that Mrs. Swilley had to establish that Red Ball did not pay upon demand. Payment has to be made at the place and in the manner that it was customarily made during employment. La.R.S. 23:631(A)(2). At trial, Mrs. Swilley denied she had received a direct deposit for the March commissions as was customary. Red Ball simply questioned her about a direct deposit that had been made to the account following Mr. Swilley's termination from employment. The burden was on Mrs. Swilley to establish that Mr. Swilley had not been paid; not on Red Ball to establish that it had paid Mr. Swilley.

No "new matters" were raised as the evidence of payment was part of the statutory provisions. The trial court did not improperly shift the burden of proof at trial.

**PENALTIES AND ATTORNEY FEES**

Mrs. Swilley claims that she established that her husband earned commissions for his last month of his employment with Red Ball and that Red Ball has never paid

4

those commissions.  As a result, she claims that trial court erred in failing to award her penalties and attorney fees pursuant to La.R.S. 23:632.

At trial, the only person to testify was Mrs. Swilley.  In finding that Mrs. Swilley failed to prove her case by a preponderance of the evidence, the trial court in reasons for judgment stated:

> It is plaintiff's burden to prove by a preponderance of the evidence that Red Ball did not tender the undisputed amount of commissions in the customary place and manner as was made during the employment.  Mrs. Swilley testified that she did not know the amount of commission that was due.  She also confirmed that Mr. Swilley was terminated for nonperformance.  Mrs. Swilley acknowledged that a payment was made by Red Ball in the customary place and manner as the usual commission checks (direct deposit into Swilley bank account) at some time during the month following Mr. Swilley's termination.  She did not provide any evidence regarding whether the payment was made prior to or after April 15, 2007.

> Mrs. Swilley had ample time to conduct discovery of the Red Ball records to determine what commissions were due to Mr. Swilley.  In addition, she had access to her own bank records to show whether or not the deposit by Red Ball was made before or after the 15 day cut-off.  Yet, she chose not to bring such evidence to court.

We have reviewed the evidence and find no manifest error in the trial court's judgment.  There is no question that Mr. Swilley earned commissions in the month of March prior to his termination.   Mrs. Swilley admitted she could not establish what amount of commissions her husband was owed.  She also agreed that $2,736.60 had been automatically deposited into her account after her husband's termination.  We agree with the trial court that Mrs. Swilley failed to prove her case by a preponderance of the evidence.

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to Marianne Swilley.

**AFFIRMED.**