# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CLIFFORD GILLIE

VERSUS

KEVIN J. GILLIE

NO.  2023 CW 0379

**MAY 10, 2023**

In Re:    Kevin J. Gillie, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 686006.

**BEFORE:    WELCH, PENZATO, AND LANIER, JJ.**

       **STAY LIFTED; WRIT GRANTED IN PART; DENIED IN PART.**  The
stay previously issued by this court in this matter is hereby
lifted.  The transcript of the February 5, 2020 hearing held on
relator's, Kevin J. Gillie's, "Motion for New Trial and Action
of Nullity of Judgment" indicates that relator and respondent,
Clifford Gillie, stipulated to vacate the judgment of eviction
rendered by the trial court on January 3, 2020.  A stipulation
has the effect of a judicial admission or confession, which
binds all parties and the court.  Stipulations between the
parties in a specific case are binding on the trial court when
not in derogation of law.  Such agreements are the law of the
case.  **Becht v. Morgan Building & Spas, Inc.**, 2002-2047 (La.
4/23/03), 843 So.2d 1109, 1112, cert. denied, 540 U.S. 878, 124
S.Ct. 289, 157 L.Ed.2d 142 (2003) (quoting **R.J. D'Hemecourt
Petroleum, Inc. v. McNamara**, 444 So.2d 600 (La. 1983)).
Therefore, as Kevin J. Gillie and Clifford Gillie stipulated to
vacation of the January 3, 2020 judgment of eviction, the April
17, 2023 warrant of possession was improperly issued.  See La.
Code Civ. P. art. 4733.  Additionally, the April 17, 2023
warrant of possession appears to have been issued by the clerk
of court and not the trial court.  See La. Code Civ. P. art.
4733.  Accordingly, the April 17, 2023 warrant of possession is
vacated.  The writ is denied in all other respects.

**JEW**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
    FOR THE COURT