# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-166

**TIMOTHY J. SCARBOROUGH**

**VERSUS**

**JONATHAN LAROCCA, D/B/A EVERYBODY RIDES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-1377
HONORABLE KENDRICK J. GUIDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**REVERSED AND REMANDED.**

Paul L. Veazey, Jr.
Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP
P. O. Box 2900
Lake Charles, LA 70601
(337) 436-9491
COUNSEL FOR PLAINTIFF/APPELLANT:
    Timothy J. Scarborough

Rudie R. Soileau, Jr.
Lundy, Lundy, Soileau & South, LLP
501 Broad Street
Lake Charles, LA 70601
(337) 439-0707
COUNSEL FOR DEFENDANTS/APPELLEES:
    Jonathan LaRocca
    Phipps & LaRocca, L.L.C.

**KYZAR, Judge.**

The plaintiff, Timothy J. Scarborough, appeals from a trial court judgment granting a peremptory exception of prescription in favor of the defendant, Jonathan LaRocca. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Prior to his April 8, 2011 termination, Mr. Scarborough was employed as the general manager of Everybody Rides Auto Sales. Everybody Rides Auto Sales is a limited liability company operated by Phipps & LaRocca, L.L.C., of which Mr. LaRocca was one of two members as well as its organizer and registered agent for process.[1] On April 4, 2014, Mr. Scarborough, in proper person, filed a petition against Jonathan LaRocca d/b/a Everybody Rides, which he described as a Louisiana corporation licensed and doing business in Calcasieu Parish, Louisiana. He alleged that as of the date of his termination, he was owed approximately $30,000.00 in unpaid wages and commissions; thus, in addition to his unpaid wages, Jonathan LaRocca d/b/a Everybody Rides was liable to him for penalty wages, interest, and attorney fees pursuant to La.R.S. 23:632.

Mr. LaRocca responded to the petition by filing peremptory exceptions of no cause of action and prescription as well as an answer. Thereafter, on September 8, 2014, Mr. Scarborough filed a motion for leave to file a first supplemental, amended, and restated petition, naming Mr. LaRocca and Phipps & LaRocca, L.L.C., d/b/a Everybody Rides Auto Sales (Phipps & LaRocca), as defendants. A hearing on the motion was scheduled for September 16, 2014, but eventually was heard on January

---

[1] The petition misspelled Mr. LaRocca's first name as "Jonathon" rather than "Jonathan." Although both spellings are contained in the record, we will use the spelling contained in Mr. LaRocca's affidavit.

7, 2015, via an in-person conference in chambers. The next day, the trial court rendered an order, which provided in part:

> CONSIDERING the discussion with and agreement of counsel in Chambers on the 7th day of January, 2015, and as recited in open Court:
>
> IT IS ORDERED that Plaintiff, Timothy J. Scarborough's Motion for Leave to File First Supplemental, Amended and Restated Petition be and it is hereby granted.
>
> IT IS FURTHER ORDERED that Plaintiff's First Supplemental, Amended and Restated Petition be deemed to relate back to the filing of Plaintiff's original Petition.
>
> IT IS FURTHER ORDERED that Plaintiff's claims against Defendant, [Jonathan] LaRocca, individually, be dismissed without prejudice.

On August 25, 2022, Mr. Scarborough filed a second supplemental and amended petition, renaming Mr. LaRocca as a defendant and alleging that Mr. LaRocca was liable to him personally and solidarily with Phipps & LaRocca for the non-payment of his wages.[2] Following Mr. LaRocca's answer, both he and Phipps & LaRocca filed peremptory exceptions of prescription, which Mr. Scarborough opposed. In opposing the exceptions, Mr. Scarborough argued that his petition adding Mr. LaRocca as a defendant was timely as based on solidary liability because Mr. LaRocca, as the sole member of Phipps & LaRocca, "with no justification, refused to pay or to let Phipps and LaRocca pay what Scarborough was owed upon termination, in violation of Louisiana's Wage Protection Act, La. 23:631[.]"

---

[2] The petition further alleged that Phipps & LaRocca was now listed as JW LaRocca L.L.C. on the Louisiana Secretary of State's website.

2

At the close of the November 15, 2022 hearing,[3] the trial court orally granted the exception in favor of Mr. LaRocca, in his individual capacity, but denied the exception as to Phipps & LaRocca and rendered the following oral ruling:

> This case began multiple years ago, many years ago, 2014. That date a petition was filed. There were two able lawyers representing both parties. A conference was held with Judge Ware that was the preceding presiding Judge with regard to some exceptions of no cause of action and what have you. And what the Court's perception is that Mr. Scarborough on his own filed a petition and basically sued the wrong defendant, his employer, and they got that right, or corrected it to whatever it was supposed to be, per this in-chambers conference on January 7th[,] where they went in court and put it on the record. It was very, very clear, and the Court is honoring – I've said it several times on the record, but I'm honoring this agreement that was put on the record, I'm honoring this order. And it clearly states that Mr. Scarborough will be able to file his first supplemental and amended – restated petition and that Mr. LaRocca, individually, be dismissed without prejudice. Very, very clear wording. He's dismissed without prejudice.
>
> The second supplemental did not come until well after prescription, so the claim against Mr. LaRocca individually is prescribed.
>
> That is the Court's ruling. Nothing else with regard to solidary obligor or any of those arguments. I disagree with counsel. I do not find that that means that I have to find Mr. LaRocca still in individually on prescription. He's out individually on prescription.
>
> For the record, any argument that Mr. LaRocca is still somehow responsible for any connection he has with Phipps and LaRocca, that's for a different day, different motion, different exception. Not for today, or the impact of that. So I'm not ruling on solidary obligation or whether there's a connection between Mr. LaRocca and Phipps and LaRocca. I'm only saying that he's out individually per this order and per the transcript that is very, very clear to the Court with regard to what the agreement was.
>
> The – so per the agreement, and per – and I disagree with Mr. Soileau. We do go to Ray. In the alternative, I also find that the LLC – I'm denying the exception of the LLC in the alternative because I find that those claims relate back to the original petition. Mr. Scarborough has been trying to just file a suit against the right party for wages.

---

[3] During the hearing, counsel for Mr. LaRocca and Phipps & LaRocca conceded that Mr. Scarborough's September 8, 2014 first supplemental, amended, and restated petition related back to his timely-filed April 4, 2014 original petition and that the trial court should deny the exception of prescription as to Phipps & LaRocca.

So – Phipps and LaRocca, LLC had notice from the very beginning what was trying to be accomplished, so as an alternative, per the agreement and per Ray, is why I'm denying against the LLC.

A written judgment was rendered on November 30, 2022, granting the exception of prescription as to Mr. LaRocca but denying it as to Phipps & LaRocca. Thereafter, Mr. Scarborough perfected the instant appeal. However, once the appeal was lodged in this court, it was determined that the November 30, 2022 judgment lacked the proper decretal language as it failed to specify the relief granted to each party. Thus, the appeal was suspended, and the matter was remanded to the trial court to amend the judgment as required. An amended judgment was then rendered on April 11, 2023, granting the exception of prescription in favor of Mr. LaRocca, in his individual capacity, and dismissing Mr. Scarborough's claims against him with prejudice. The judgment, in denying Phipps & LaRocca's exception of prescription, stated that it would "continue to be a party to this suit."

On appeal, Mr. Scarborough raises one assignment of error: "The trial court erred as a matter of law in not recognizing that suit against one solidary co-obligor and joint tortfeasor interrupts prescription against another solidary co-obligor and joint tortfeasor." We agree.

The law pertaining to the peremptory exception of prescription was laid out by this court in *Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043, as follows:

> The exception of prescription is governed by La.Code Civ.P. art. 927. The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Id.*

4

Pursuant to the Louisiana Wage Payment Act, an employer is required to pay "the amount then due under the terms of employment" to a terminated employee "on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." La.R.S. 23:631(A)(1)(a). The failure to comply with these terms renders an employer liable to the employee for penalty wages and reasonable attorney fees. La.R.S. 23:632(A), (C).[4] Thus, in order to recover penalty wages and attorney fees, an employee must prove "that (1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand." *Becht v. Morgan Bldg. & Spas, Inc.*, 02-2047, p. 4 (La. 4/23/03), 843 So.2d 1109, 1112, *cert. denied*, 540 U.S. 878, 124 S.Ct. 289 (2003). A claim for unpaid wages is subject to a three-year prescriptive period, which commences to run from the date the wages are due. La.Civ.Code arts. 3494, 3495.

A review of the pleadings reveals that Mr. Scarborough's April 4, 2014 original petition, naming Jonathan LaRocca d/b/a Every Rides as defendant, was timely filed as his employment was terminated on April 8, 2011. The petition was based solely on La.R.S. 23:631 and sought the payment his unpaid wages as well as penalty wages and attorney fees pursuant to La.R.S. 23:632. Mr. Scarborough next

---

[4] Louisiana Revised Statutes 23:632 provides, in part:

A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

. . . .

C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

5

filed a supplemental, amended, and restated petition on September 8, 2014, naming Mr. LaRocca and Phipps & LaRocca as defendants, again seeking his unpaid wages, penalty wages, and attorney fees.

On August 25, 2022, Mr. Scarborough filed a second supplemental and amended petition, naming Mr. LaRocca as a defendant and noting that although he had previously been dismissed from the suit, he was dismissed without prejudice. This petition amended Mr. Scarborough's prior petitions to allege that Mr. LaRocca was liable to him both personally and solidarily with Phipps & LaRocca, as follows (paragraph numbers omitted):

> Jonathan LaRocca is personally liable to the plaintiff, Timothy Scarborough, for Jonathan LaRocca's intentional wrongful acts in refusing in bad faith to pay Timothy Scarborough within the time required by La. R.S. 23:631, and to the present date, wages Scarborough was due at the time LaRocca terminated Scarborough's employment at Everybody Rides/Phipps & LaRocca, L.L.C., and in wrongfully, intentionally and in bad faith deducting from Scarborough's earned pay from January through early April, 2011[,] sums which Scarborough did not owe Phipps & LaRocca, constituting theft and conversion, and for which LaRocca is personally liable pursuant to La. R.S. 12:1320.D, and La. R.S. 23:631 and following.

> In addition, Jonathan LaRocca is solidarity [sic] liable with Phipps & LaRocca, L.L.C. because Phipps & LaRocca was and is nothing more than an alter ego of Jonathan LaRocca, which LaRocca has used to deprive Scarborough of wages owed him. Further LaRocca has, at all relevant times used the form of LLC in conducting his personal business in such a way that the LLC is for practical purposes, not distinguishable from Mr. LaRocca.

> Scarborough believes, based on information available to him, that LaRocca has at all relevant times operated Phipps and LaRocca, L.L.C., now apparently known as JW LaRocca, L.L.C., purely for his own personal benefit and, based on relevant circumstances, including that the LLC, the used vehicle dealership it operated or both have remained dormant for several years, has not complied with the required legal formalities for operation of an LLC, and the LLC may be undercapitalized. Without limiting the foregoing, Phipps and LaRocca, L.L.C.'s original articles were revoked effective May 14, 2019[,] for failure to file annual reports for three consecutive years and were not reinstated until January 27, 2021. For these reasons and any others which may be shown at trial, Scarborough avers this Court should pierce the corporate veil of Phipps and LaRocca, L.L.C. and hold

6

Jonathan LaRocca personally liable to Scarborough for LaRocca's wrongful acts described herein.

In this petition, Mr. Scarborough alleges that Mr. LaRocca is solidarily liable with Phipps & LaRocca for the payment of his unpaid wages. "An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." La.Civil Code art. 1794. Moreover, the interruption of prescription as to one solidary obligor interrupts prescription as to all solidary obligors and their successors. La.Civil Code arts. 1799, 3503. Thus, in order for Mr. LaRocca to be solidarily liable with Phipps & LaRocca, Mr. Scarborough must prove that both were liable for the whole performance, which in this case was the payment of his unpaid wages.

Generally, a member of a limited liability company will not be liable for the debts of the company as the company is a juridical person, separate and apart from its members. La.Civil Code art. 24; *Taviani v. Akrom, Inc.*, 22-475 (La.App. 5 Cir. 4/26/23), 363 So.3d 1284, *writ denied*, 23-863 (La. 10/10/23), __ So.3d __. However, a member who practices fraud upon a third party or breaches any "professional duty or [commits any] other negligent or wrongful act" may be found liable for the company's debts, obligations, or liabilities. La.R.S. 12:1320(D). In that instance, "a court can pierce the corporate veil in order to reach the 'alter ego' of the corporate member and hold the corporate member liable for the debts of the corporation." *Taviani*, 363 So.3d at 1289. This doctrine is applicable to both corporations and limited liability companies. *Hodge v. Strong Built, Int'l, LLC*, 14-1086 (La.App. 3 Cir. 3/4/15), 159 So.3d 1159.

> Louisiana courts have generally allowed this remedy when one of two exceptional circumstances exists—when the company is the "alter ego" of the members and has been used to defraud third parties, or when the

7

members have failed to conduct business on a "corporate footing" such that it is not possible to distinguish the corporation from its managers.

*Id.* at 1163.

In *Taviana*, 363 So.3d at 1289, the appellate court found that fraud allegations "on the face of the amended petition were a sufficient basis upon which the trial court could consider joint and several liability between [the sole shareholder] and [the corporation], raising the possibility that [corporation] was, in fact, [the sole shareholder's] alter ego." Although fraud is not an issue here, Mr. Scarborough has alleged that Mr. LaRocca treated Phipps & LaRocca as his alter ego and that at the time of his termination, Mr. LaRocca personally refused to pay the wages owed to him as required by La.R.S. 23:631. These allegations, we find, are sufficient to raise the possibility of solidary liability between Mr. LaRocca and Phipps & LaRocca such that timely institution of suit against Phipps & LaRocca interrupted prescription as to Mr. LaRocca personally. There is no doubt that Mr. LaRocca was aware of this suit as he was a named defendant in the suit through the trial court's January 8, 2015 order dismissing him from the suit without prejudice. There is further no doubt that the issue of solidary liability was squarely before the trial court during the hearing on the exception of prescription as Mr. Scarborough raised the issue in his petition and again in his opposition to Mr. LaRocca's exception.

Accordingly, we find that Mr. Scarborough's claims against Mr. LaRocca were not prescribed on the face of the pleadings; thus, the burden of proving prescription remained with Mr. LaRocca. However, the only evidence introduced by Mr. LaRocca in support of the exception was his affidavit, which stated:

1.  Affiant has at all times relevant to this action been a Member and a Manager of a Louisiana Liability Company known as Phipps & LaRocca, LLC.

2.  Phipps & LaRocca, LLC operated an auto dealership in Lake Charles, Louisiana, known as Everybody Rides Auto Sales.

8

3.  During parts of the years 2010 and 2011, Phipps & LaRocca, LLC, operating as Everybody Rides Auto Sales, employed Timothy J. Scarborough as a sales representative.

4.  At no time did Affiant employ Timothy J. Scarborough individually or personally and, as such, at no time did there exist an employer employee [sic] relationship between Affiant and Timothy J. Scarborough.

5.  Affiant submits hereto a true and correct copy of the State of Louisiana Application for License as a Salesman, dated February 23, 2010, submitted by Timothy J. Scarborough, listing the dealership as Phipps & LaRocca, LLC, d/b/a/ Everybody Rides Auto Sales.

6.  At no time did Affiant personally pay or otherwise compensate Timothy J. Scarborough for work performed as a sales representative at Everybody Rides.

Attached to the affidavit is an incomplete application signed by Mr. Scarborough, by which he sought a license to sell used vehicles for Phipps & LaRocca, LLC, dba Everybody Rides Auto Sales. The application is incomplete in that the section of the application pertaining to the employer's endorsement of the applicant's answers was not completed.

Based on Mr. Scarborough's allegations of solidary liability and the fact that Mr. LaRocca's earlier dismissal from the suit was without prejudice, we find that the trial court was manifestly erroneous in finding that Mr. Scarborough's claim against him had prescribed because the timely filed suit against Phipps & LaRocca interrupted prescription as to him. Nothing in Mr. LaRocca's affidavit addressed Mr. Scarborough's claims that he operated Phipps & LaRocca as his alter ego. The affidavit merely contains Mr. LaRocca's self-serving statements that although he was a member/manager of Phipps & LaRocca, Phipps & LaRocca employed Mr. Scarborough and was responsible for paying his wages. Since the issue of whether Phipps & LaRocca was operated as Mr. LaRocca's alter ego during Mr. Scarborough's employment has not been decided, we find that Mr. LaRocca's

9

dismissal from the suit based on the exception of prescription is premature. If Phipps & LaRocca was operated as Mr. LaRocca's alter ego, then prescription has not run as he is solidary liable with Phipps & LaRocca. If he is not a solidary obligor, then prescription has run. Accordingly, the judgment of the trial court granting the exception of prescription in favor of Mr. LaRocca, individually, is reversed, and the matter is remanded to the trial court for further proceedings.

Regarding Mr. Scarborough's claims against Mr. LaRocca for theft and conversion, we find those claims prescribed on the face of the pleadings as they were subject to a one-year liberative prescription. La.Civ.Code art. 3492. However, counsel for Mr. Scarborough admitted during the hearing on the exception that the only viable claims raised by Mr. Scarborough were related to his unpaid wages. Therefore, we need not address these claims.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the peremptory exception of prescription in favor of Jonathan LaRocca is reversed, and the matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed to Jonathan LaRocca.

**REVERSED AND REMANDED.**

10