MAX N. TOBIAS, JR., Judge.
|, Larry Van Jackson, Jr., seeks review of the judgment of the trial court granting a preliminary writ of injunction prohibiting him and his company, Citywide Development Services, L.L.C. (“Citywide”), from trespassing upon the property bearing the municipal address of 7049 Magazine Street/ 203 Audubon Street in New Orleans, Louisiana (hereafter, “the property”). For the reasons that follow, we vacate the judgment granting the preliminary writ of injunction and remand the matter to the trial court.
On 21 November 2012, Mr. Jackson filed a petition for possession in the trial court, noting that he took physical possession of the property for his own account to the exclusion of all others on 18 August 2010. The clerk of court randomly allotted the petition to Division “C” of the trial court presided over by Judge Sidney Cates, IV. Mr. Jackson named John C. Pfeifer, the then record title owner of the property, as the sole party-defendant. The petition prayed for judgment recognizing Mr. Jackson’s possession and requiring Mr. Pfeifer to file a petitory action, or be forever prohibited from asserting title to the property.
On 22 January 2013, Marquee Investment Properties, L.L.C. (“Marquee”) filed a motion to be substituted as defendant. Marquee asserted that it had |2purchased the property from Mr. Pfeifer on 10 January 2013. The trial court granted the motion to substitute.
Also on 22 January 2013, Marquee filed a verified answer, reconventional demand, petition for mandamus, and petition for a temporary restraining order, preliminary writ of injunction, and permanent writ of injunction. Marquee alleged that Mr. Jackson failed to comply with the requirements of La. R.S. 9:5633, relative to blighted property, and thus failed to acquire any rights in the property. On 22 January 2013, Judge Kern Reese, who presides over Division “L” of the trial court, signed an order as duty judge for the trial court granting a temporary restraining order without bond,[1] prohibiting Mr. Jackson and/or Citywide and/or their agents from trespassing upon the property. The order also set 29 January 2013 as the hearing date for the “permanent” injunction. While the order stated that the hearing was for the “permanent” injunction, counsel for Marquee clarified at the hearing ultimately held that Marquee was seeking only a preliminary writ of injunction.
On 28 January 2013, due to a lack of service of the answer, et cetera, Marquee filed a motion to appoint a special process server, reset the hearing, extend the temporary restraining order, and for an expedited hearing. Marquee noted that the Orleans Parish Sheriff was unable to serve Mr. Jackson. Marquee asserted that Mr. Jackson, without any legal rights, continued to identify himself as owner of the property (a) to the City of New Orleans to obtain a permit and (b) to obtain utility services. Further, Marquee averred that Mr. Jackson threatened [¡¡Marquee and Marquee’s agent with legal and police action. On 28 January 2013, Judge Reese *115 signed another order granting a temporary restraining order without bond, appointing a special process server, and setting 22 February 2018 as the hearing date on the “permanent” injunction.
Mr. Jackson filed exceptions of no cause of action and improper use of summary proceedings on 20 February 2013. He contended that because Marquee filed a petitory action in response to his possesso-ry action, Marquee admitted that Mr. Jackson was in possession of the property. He concluded that Marquee admitted that he had a right to possess the property and thus Marquee could not enjoin him from possessing the property. (See La. C.C.P. art. 3657.) Mr. Jackson also alleged that Marquee could not cumulate a possessory action and a petitory action and averred that Marquee could not subvert his posses-sory rights by asserting a petitory action in the guise of seeking a temporary restraining order and preliminary writ of injunction.
On 22 February 2013, the parties appeared for the hearing. Judge Reese presided over the hearing, overruling the objection of Mr. Jackson to Judge Reese hearing the matter. Judge Reese noted:
Counsel, let me make you aware, apprise you of the facts that lead up to where we are now, I guess. When this matter came before me was during duty week. Additionally, Judge Cates in Division “C” had sustained a family emergency that warranted this Court to take the matter up as the duty Judge. Given that Judge Cates was out when a hearing needed to be scheduled, the preliminary injunction, dealing with his family emergency, this Court with the acquiescence of Judge Cates, agreed to set up the preliminary injunction hearing so that the matter might go forward.
|4Counsel for Mr. Jackson questioned whether Judge Cates was available at that moment. Judge Reese responded that he did not know. Noting counsel’s objection for the record, Judge Reese presided over the hearing. At the conclusion of the testimony and evidence, Judge Reese noted that Marquee is the owner of the property, but that Mr. Jackson had made a substantial investment in the property by paying almost $14,000.00 towards back taxes. Judge Reese stated that Mr. Jackson’s investment in the property should not be disturbed, but that the property should be secured by Marquee to prevent further deleterious conditions from occurring. Judge Reese explained that his concern was to insure that the property was maintained until such time as Division “C” could determine possession and/or ownership.
Thereafter, Judge Reese signed a judgment on 12 March 2013, granting a preliminary writ of injunction without bond[2] prohibiting Mr. Jackson, his company, or agents from trespassing upon the property; designating Marquee as the sole party permitted to possess the property to maintain the status quo pending further orders of the court; and denying Mr. Jackson’s exceptions.
Mr. Jackson filed both an application for a supervisory writ in this court docketed under case number 2013-C-0450 and a motion for appeal that was docketed in this court under case number 2013-CA-0440. On 16 April 2013, this court consolidated the writ application and the appeal for decision.
Whether Judge Reese had the authority to issue a preliminary writ of injunction *116 presents a question of law.. Questions of law are decided de novo. See Hospitality Consultants, LLC v. Angeron, 09-1738, p. 5 (La.App. 4 Cir. 6/9/10), 41 So. 3d 1236, 1240.
In his first assignment of error, Mr. Jackson avers that the duty judge, Judge Reese, lacked the authority to hear and decide the motion for the preliminary writ of injunction. Mr. Jackson noted that a duty judge has the authority to hear and sign orders relative to temporary restraining orders pursuant to La. C.C.P. art. 253.3. He argues, however, that a duty judge is not allowed to preside over the preliminary writ of injunction not specifically allotted to that duty judge’s division of court except in certain limited circumstances not present here. We agree.
La. C.C.P. art 253.1 provides for the random allotment of cases. Once allotted, a case assigned to one judge may not be “transferred from one section or division within the same court, unless agreed to by all parties or to effect a consolidation for purposes of trial pursuant to article 1561.” La. C.C.P. art. 253.2. This article further provides that the Supreme Court “by rule, may establish uniform procedures for reassigning cases .under circumstances where an expeditious disposition of cases may be effectuated.” La. C.C.P. art. 253.2
La. C.C.P. art. 253.3 D states:
When a duty judge hears any matter or signs any order or judgment pursuant to this Article, he shall not acquire jurisdiction over additional matters in the case. Following the ruling of the duty judge, the judge assigned pursuant to Article 253.1 shall hear other matters in the case, including but not limited to discovery matters, preliminary injunctions, and injunctions. [Emphasis supplied.]
|,Rule 9.2 of the Uniform Rules of the District Courts, promulgated by the Supreme Court,[3] provides two exceptions to the requirement that the judge to whom the case is allotted must hear the preliminary injunction:
Except as allowed by La.Code Civ. Proc. art. 253.3, all contested matters shall be heard by the judge to whom the matter was allotted. The judge to whom the action has been allotted may designate the order-signing judge or any other judge to sign such orders and set such hearings, and in his or her absence, to hear such matters where necessary to comply with law, or when deemed to be an emergency, in accordance with La.Code Civ. Proc. arts. 253.2 and 253.3.
Collectively, the codal articles and rule direct that Judge Cates, to whom the case was randomly allotted, was required to hear the preliminary writ of injunction. Judge Reese, the duty judge, was without authority to hear the preliminary writ of injunction unless (a) the parties agreed, or (b) if Judge Cates designated Judge Reese to hear the matter and this designation was “necessary to comply with law” or “deemed to be an emergency.”
In this instance, there was no consent. Counsel for Mr. Jackson objected to proceeding before Judge Reese. Thus, in order for Judge Reese to have had authority, *117 Judge Reese had to be designated by Judge Cates and the matter had to be heard for the purposes of complying with law or the matter had to be deemed an emergency.
IgNothing appears in the record on appeal to support a finding that Judge Cates was not available to hear the matter in the time provided by law. The law does not specifically mandate that the hearing on an application for a preliminary writ of injunction be heard within a specific time frame; rather, the law requires the matter “shall be assigned for hearing” not less than two or more than ten days from service. La. C.C.P. arts. 3602 and 3606. Once set, nothing in the statutes prohibit a continuance for a reasonable period of time, either on the court’s own motion or on the motion of any party. The hearing shall take precedence on the court’s docket on the day it is actually heard. La. C.C.P. art. 3606.
The record on appeal does not reflect that Judge Cates was unavailable on 22 February 2013 to hear and rule upon the motion for a preliminary writ of injunction. Judge Reese was without authority to hear or rule upon the matter on 22 February 2013 even if Judge Cates was unavailable[4] due to an urgent family matter and Judge Reese was willing to assist; nothing in the record suggests the existence of an emergency [5] that would have prevented Judge Cates from conducting this hearing in a timely manner. Though handled with good intentions, Judge Reese erred in hearing the matter and issuing the preliminary writ of [sinjunction in a case allotted to another division of court over the objections of counsel.
Considering our finding, we pretermit discussion of Mr. Jackson’s second assignment of error.
Accordingly, we vacate the judgment granting the preliminary writ of injunction and remand this matter to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. We note that a temporary restraining order cannot be issued without security (bond), unless such security is dispensed with by law. La. C.C.P. art. 3610. Security is not dispensed with by law in this case. See also La. C.C.P. art. 863.

. Like the temporary restraining order, a preliminary writ of injunction cannot be issued without security unless the law dispenses with the requirement of security. La. C.C.P. art. 3610. The law does not dispense with bond in this case.

. Comment (a) to the Uniform Rules states:
The Louisiana Supreme Court has constitutional authority to promulgate these Rules under La. Const. art. V, § 5. These Rules are intended to supplement the Code of Civil Procedure. Therefore, a conflict between a Rule and legislation should be resolved by following the legislation.
See also Rodrigue v. Rodrigue, 591 So.2d 1171 (La.1992); Rocque v. Dept. of Health and Human Resources, Office of Secretary, 505 So.2d 726, 728 (La.1987); cf., Byrd v. Dept. of Police, 12-1040, p. 12 (La.App. 4 Cir. 2/6/13), 109 So.3d 973, 981 (which is limited to civil service appeals).

. Here, because the law only requires that the hearing on the preliminary writ of injunction be assigned not less than two nor more than ten days from the date of the order setting the hearing, and in the absence of actual evidence of an emergency preventing Judge Cates from hearing the application for preliminary in-junctive relief, Judge Reese could have extended the temporary restraining order pursuant to La. C.C.P. art. 3604 A until such time as Judge Cates was available to hear the matter.

. We understand an “emergency” in this context to be when the court is closed because of a public emergency (like a hurricane) or when the life or safety of a living being is at risk. Since a temporary restraining order and/or preliminary writ of injunction should issue only when irreparable injury may occur, an emergency would not in ordinary circumstances include a matter where damages for the wrong issuance of the order or writ may be compensable in money. A personal emergency of a judge (e.g., a health matter of the judge or a judge's family member; attendance at a conference; a vacation) would not qualify as an "emergency” under the rule.