ROBERT A. CHAISSON, Judge.
|2In this suit on open account for attorney fees, Belinda Helmer appeals from a summary judgment in the amount of $363,059.72 in favor of the Law Offices of Fred L. Herman, APLC, et al. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
Mrs. Helmer employed plaintiffs’ law firm in January of 2006 to handle her late husband’s succession on an hourly fee basis. By the spring of 2007, it appears that Mrs. Helmer was unable to continue paying the hourly fees, therefore the parties confected an alternative payment plan. Attorney Fred Herman sent Mrs. Helmer a letter dated April 10, 2007, in which he set forth the new fee arrangement. After February 16, 2007, the firm would continue to bill at hourly rates for recovery of up to 2.5 million dollars, with a 25% contingency fee on any amounts recovered over 2.5 million. The firm would advance all costs and no payments would be due until the succession assets were distributed. Mrs. Helmer approved and signed the letter on that same date.
The succession proceedings dragged on until early 2009. On January 26, 2009, Mrs. Helmer executed an Irrevocable Assignment of Proceeds in which she | ¡¡admitted owing $325,000.00 in fees. The interested parties to the succession scheduled a mediation in early May 2009, to resolve the remaining issues in the succession. On May 4, 2009, Mrs. Helmer had not yet paid the legal fees. On that date, she executed a second Irrevocable Assignment of Proceeds, in which she admitted owing the attorneys $365,555.00, and as *371 signed them this amount from the proceeds of the succession upon its conclusion.
As of February 24, 2011, the fees had still not been paid, and on that date the attorneys filed the present action on open account. The petition recited that after various adjustments for additional fees and costs since May 4, 2009, and giving credit for amounts paid on the account, Mrs. Helmer still owed $363,059.72 in fees and costs. Plaintiffs urged a motion for summary judgment, and after a hearing on March 21, 2012, judgment was granted in the above amount. A motion for a new trial urged by Mrs. Helmer was subsequently denied. This appeal followed.
DISCUSSION
Mrs. Helmer urges two assignments of error. First, she contends that there are issues of material fact in dispute which preclude entry of summary judgment, and second, she asserts that her motion for a new trial was improperly denied.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant, A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 07-1726, (La.2/26/08), 977 So.2d 880, 882-83. See also La. C.C.P. art. 966.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the |4affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C. P. art. 966(B)(2). “The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2).
In the present case, plaintiffs presented the April 10, 2007 letter, signed by Mrs. Helmer, which established the new fee agreement for billable hours for work on the first 2.5 million dollars of recovery, and a 25% contingency fee for recovery above that amount. They also presented the January 26, 2007 and May 4, 2007 Irrevocable Assignments of Proceeds, which acknowledged fees owing of $325,000.00 and $365,000.00, respectively. Both of these assignments are in authentic form. They also presented another document dated May 4, 2007, and signed by Mrs. Helmer, showing a general breakdown of fees, wherein she again acknowledged a fee balance of $365,000.00. Plaintiffs also presented an affidavit of Thomas J. Barbera, one of the plaintiffs at the law firm, stating that since the execution of the May 4, 2007 assignment and acknowledgement, various charges for additional legal work accrued and various payments were made, leaving a balance of $359,195.72. Also, additional costs incurred were $3,864.00, leaving a total balance owing of $363,059.72.
In response, Mrs. Helmer presented a document styled Statement of Contested Facts Precluding Summary Judgment. At the end of this document is a notarized recitation that all of the facts recited there are within her personal knowledge, and are truthful and accurate. The document is attached to a memorandum in opposition to the motion for summary judgment which contains other factual allegations, and the recitation noted above also represents that all of the facts stated on the memorandum are also accurate on her personal knowledge.
*372 1 ¡¡Plaintiffs urged that neither the statement of contested facts nor the memorandum in opposition to the motion for summary judgment constituted acceptable evidence in the summary judgment proceeding, citing Kaufman v. Cleaton, 03-452 (La.App. 4 Cir. 10/8/03), 861 So.2d 586. While we agree that the memorandum is not properly sufficient to meet the requirements of La. C.C.P. art. 967, the result is different as to the statement of contested facts. That document recites specific facts which Mrs. Helmer swears are known to her personally. That it is not styled as an “affidavit” does not render it any less a sworn statement of specific facts known personally to her. In this circumstance, we accept that document as sufficient for purposes of the summary judgment proceedings.
However, accepting the statement as proper does not end the inquiry. The issue remains whether any of the facts presented there create issues of material fact which would defeat summary judgment. In the statement, Mrs. Helmer asserts that the January 26, 2007 assignment of proceeds was signed by her with the understanding that the amount stated there was only an estimate of fees owing. However, she makes no mention in the statement of the May 4, 2007 assignment by authentic act which recites that the fees owing are $365,555.00, nor does she mention the May 4, 2007 synopsis of legal bills owing in the same amount, which she also acknowledged by signing.
In her judgment the trial judge notes that there are no material facts in dispute as to fees and costs owing as set forth in the affidavit of Thomas Barbera. Significantly, that affidavit makes reference to the assignment of May 4, 2007, which as noted above was not contested in Mrs. Helmer’s statement of contested facts. Because our review here is de novo, we have considered all of the evidence of record that is sufficient under the standards set forth in the summary judgment procedure, and we find that there is no dispute as to any material facts as to the | (¡attorney fees and costs owing, and that movers are entitled to judgment as a matter of law.
The second issue is whether the motion for a new trial was improperly denied. The pertinent law is La. C.C.P. art. 1972(2), which provides that a new trial shall be granted when a litigant discovers “evidence important to the cause, which he could not, with due diligence, have obtained before or during trial.” Mrs. Helmer submitted with her motion for a new trial a document which basically repeated the assertions of fact contained in her earlier Statement of Contested Facts Precluding Summary Judgment, with one significant addition. She now claimed that the May 4, 2007 assignment of proceeds was merely an estimation of fees and costs owing, and that she signed it with this understanding. The problem with this submission is that it does not contain any facts or information discovered “since the trial,” but merely amplifies facts long known to Mrs. Helmer, but simply not presented at the hearing on the motion for summary judgment. In this circumstance, the trial judge clearly did not abuse her discretion in denying the motion for new trial.
DECREE
For the foregoing reasons, the summary judgment in favor of plaintiffs in the amount of $363,059.72 is hereby affirmed.

AFFIRMED