ROBERT A. CHAISSON, Judge.
2In this suit on open account for attorney fees, Belinda Helmer appeals from a judgment awarding the Law Offices of Fred L. Herman, APLC, et al., $90,764.93 in attorney fees incurred for collection of the underlying judgment in their favor. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
This litigation began with a dispute over legal fees and costs incurred by Mrs. Hel-mer for representation in the succession of her late husband, Henry Helmer. Plaintiffs, the law firm of Fred L. Herman and various attorneys who had done work on the case, sought recovery of $363,059.72, an amount which included attorney fees and some costs which had been advanced by the law firm. Plaintiffs employed counsel in the matter, and a suit on open account to collect this amount was filed on February 24, 2011. After three motions for extension of time, an answer was filed on July 1, 2011. On February 2, 2012, plaintiffs urged a motion |sfor summary judgment which was originally set for hearing on February 29, 2012. That hearing was continued on Mrs. Helmer’s motion, and was eventually heard on May 21, 2012. In the interim, Mrs. Helmer filed an amended answer and an opposition to the motion for summary judgment.
A summary judgment awarding plaintiffs $363,059.72 was signed on April 3, 2012. In her reasons for judgment, the trial judge noted that “pursuant to La. C.C.P. art.1915, this judgment is a final judgment because there is no just reason for delay.” She further noted that “the right to file a rule to tax costs and attorney’s fees in connection with the captioned case has been reserved to Plaintiffs.” On April 12, 2012, Mrs. Helmer urged a mo *312 tion for a new trial. After additional memoranda were filed by both parties, the motion was heard on July 18, 2012, and denied. Mrs. Helmer then appealed the judgment of April 3, 2012, to this court.
While that appeal was pending, plaintiffs filed a rule to set attorney fees and costs which they incurred in the open account suit. A hearing on this rule was held on October 26, 2012, and a judgment was signed on November 15, 2012. In that judgment, plaintiffs were awarded attorney fees of 25% of the underlying judgment amount of $363,059.72, or $90,764.93, plus $1,158.50 in costs. This appeal followed.[1]
DISCUSSION
Mrs. Helmer urges three assignments of error. She first argues that because the main judgment of April 3, 2012, was on appeal, the trial court was divested of jurisdiction over the issue of attorney fees under La. C.C.P. art. 2088. Second, she contends that the issue of attorney fees was premature because the underlying ^judgment had not yet been ruled on by this court. Her third argument is that summary judgment was inappropriate because there were issues of material fact in dispute.
As to the jurisdictional question, La. C.C.P. art. 2088, provides that the trial court is divested of jurisdiction over matters reviewable on appeal upon the granting of the order of appeal, but continues to exercise jurisdiction over matters not reviewable under the appeal, including an enumerated list of specific items over which the trial court retains jurisdiction. In Dufrene v. Gautreau Family, LLC, 07-467, 07-547 (La.App. 5 Cir. 2/22/08), 980 So.2d 68; writ denied, 08-0629 (La.5/9/08), 980 So.2d 694; writ denied, 08-0628 (La.5/9/08), 980 So.2d 698, this court ruled that the enumerated list of matters in Article 2088 over which the trial court retains jurisdiction is not exclusive, and that the inquiry on this issue is instead whether the matters in question are reviewable in the appeal. Here, the issue is the award of attorney fees which plaintiffs incurred in bringing their suit for recovery of the attorney fees owed because of their representation of Mrs. Helmer in the succession of her husband. Not only is that issue not reviewable in Mrs. Helmer’s appeal of the attorney fees awarded in the underlying claim for handling the succession matter, but the setting of the attorney fees incurred for collection of the underlying judgment was specifically reserved by the trial judge for resolution at a later date.
We further note that La. C.C.P. art. 1915(C) specifically provides that “[i]f an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.” Here, the question of attorney fees for the plaintiffs’ representation in their suit to collect money owed was an issue remaining in the case, and the trial court retained jurisdiction under the clear wording of the above statute. We thus reject J¿Mrs. Helmer’s assertion that the trial court lost jurisdiction when the underlying judgment of April 3, 2012, was appealed.
Mrs. Helmer’s second argument is that the judgment here was premature because the underlying judgment of April 3, 2012, was still on appeal and thus not final. The gist of this argument is that because the amount of recovery, i.e.
*313 $363,059.72, for representation in the succession matter is not yet final, the trial court was not permitted to use that figure as a basis for determining an appropriate fee in the open account suit. This issue was presented in Brandner v. Staf-Rath, L.L.C., 12-62 (La.App. 5 Cir. 5/31/12), 102 So.3d 186. There, the defendant successfully reconvened in the original suit on a purchase agreement and was awarded damages. The plaintiffs appealed. They also filed a motion to dismiss, or alternatively to stay, the rule on defendant’s motion to determine attorney fees on the grounds that the trial court lacked jurisdiction to determine the attorney fees while the underlying judgment was on appeal. The trial court denied the motion to dismiss but, finding that La. C.C.P. art. 2088 divested the trial court of jurisdiction to determine the attorney fees while the underlying judgment was on appeal, granted the plaintiffs’ request for a stay. The defendant sought review of the stay order. This Court ruled that the trial court retained jurisdiction to hear the attorney fee matter while the appeal was pending. Id. at 189, n. 3.
We also note that on the same date the opinion in this appeal is being issued, the same panel of this court is affirming the $363,059.72 judgment.[2] Thus, consideration of this amount of recovery by the trial judge in fixing the fee was not error.
Mrs. Helmer’s third argument is that there remain material issues in dispute, and therefore that summary judgment was not appropriate. The problem with this | ^argument is that the judgment on appeal is not a summary judgment. There was a hearing to fix costs and attorney fees at which Mrs. Helmer was entitled to present evidence, but did not do so, choosing instead to present only argument. Further, the issues which Mrs. Helmer asserts here are contested relate to the original April 3, 2012, judgment which is not the subject of this appeal. We thus reject this assignment as well.
We finally observe that it is not clear that Mrs. Helmer has raised in this appeal the issue of whether or not the fee of $90,764.93 is excessive, but we nonetheless address that question as well. The open account statute, La. R.S. 9:2781, provides that reasonable attorney fees are to be awarded. The amount of such fees is left to the sound discretion of the trial judge, and that amount should not be disturbed on appeal absent a showing of abuse of that discretion. Metropolitan Reporters, Inc. v. Avery, 95-504 (La.App. 5 Cir. 11/28/95), 665 So.2d 547. In Metropolitan Reporters, Inc. the court listed a number of factors which should be considered in making a fee award as follows: the ultimate result obtained; responsibility incurred; importance of the litigation; amount involved; extent and character of the work performed; legal knowledge; attainment and skill of the attorney; number of appearances made; intricacies of facts and law involved; diligence and skill of counsel; court’s own knowledge; and ability of party liable to pay.
In the present case, the trial judge gave reasons for judgment in which she set out her analysis of most of the factors listed above. Appellant has not demonstrated here that this analysis was erroneous in any particulars, or why the judge’s determination of a 25% fee was an abuse of discretion. In this court’s opinion this fee does not constitute an abuse of discretion *314 on the facts of this case, and therefore we must affirm it.
^DECREE
For the foregoing reasons, the judgment is hereby affirmed.

AFFIRMED.

. Mrs. Helmer urged a motion to consolidate the two parts of this suit in this court, but that motion was denied. Nonetheless, both appeals were set on the same date and before the same panel, the first bearing Docket No. 12-CA-897, and the present matter bearing Docket No. 13-CA-235.

. Law Offices of Fred L. Herman, APLC, et al. v. Belinda Helmer, 12-897 (La.App. 5 Cir. 10/09/13), 123 So.3d 369.