Judge Joy Cossich Lobrano
hln this attorney fee dispute, plain-tifi/appellant Jane Doe (“Doe”) appeals the February 19, 2016 judgment of the district *101 court denying post-trial attorney’s fees to Doe.
The underlying litigation arises from Doe’s lawsuit against defendant/appellee Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana (“Blue Cross”) alleging violations of the Louisiana Genetic Information Non-Discrimination Act, La. R.S. 22:1023. Trial was held on February 13, 2014. On April 23, 2014, the district court entered judgment (the “2014 trial judgment”) awarding Doe $50,000.00 in statutory damages plus judicial interest, costs, and “reasonable attorney’s fees” in an amount “to be determined at a later date.”
On May 7, 2014, the parties entered into stipulations as to the amount of recoverable attorney’s fees and costs. The stipulations read:
1. If counsel for Jane Doe were called to testify he would testify that the reasonable attorneys’ fees in favor of Jane Doe, through April 29, 2014, are $36,440.50, an amount which defendant Louisiana Health Service & Indemnity Co. does not contest.
|22. Jane Doe’s recoverable court costs, as of April 29, 2014, are $756.36, an amount which defendant Louisiana Health Service & Indemnity Co. does not contest.
3. The parties agree[ ] that, in the event the judgment is not appealed, or is affirmed, the defendant will pay the foregoing sums for attorney[’]s fees and costs through April 29, 2014, together with any sums agreed to or awarded for attorney[’]s fees and costs after that date.
Blue Cross appealed the 2014 trial judgment, and Doe answered the appeal, requesting that this Court modify the 2014 trial judgment to increase statutory damages and award “judicial interest from the date of demand until paid, all costs and reasonable attorney’s fees.” On May 20, 2015, this Court affirmed the 2014 trial judgment. Doe v. La. Health Serv. & Indem. Co., 2014-0789 (La.App. 4 Cir. 5/20/15), 172 So.3d 132. This Court’s opinion did not address attorney’s fees specifically corresponding to work done by Doe’s counsel on appeal. See id. Doe did not apply to this Court for rehearing or seek supervisory review from the Louisiana Supreme Court. Blue Cross filed a writ application with the Louisiana Supreme Court, which was voluntarily dismissed. On August 20, 2015, Blue Cross issued payment to Doe in the amount of $101,134.40, which represented $50,000.00 damages awarded at trial, $13,864.04 in judicial interest as calculated by Blue Cross, plus $37,270.36 in attorney’s fees and costs.[1]
On September 8, 2015, Doe filed a motion in the district court to set the amount of post-trial attorney’s fees relative to the appeal, the Supreme Court writ application, and the instant motion, and sought insurance penalties in connection |swith Blue Cross’ nonpayment of the attorney’s fees at issue. On February 19, 2016, the district court entered judgment denying Doe’s motion on the basis that the Fourth Circuit Court of Appeal did not award Doe attorney’s fees for work done on appeal of the 2014 trial judgment. This appeal of the district court’s February 19, 2016 judgment followed.
On appeal, Doe sets forth the following assignments of error:
1. The District Court erred in dismissing Jane Doe’s Motion for Attor *102 ney’s Fees based on the erroneous holding that this Court did not grant attorney’s fees to Jane Doe.
2. The District Court erred in not enforcing the stipulation between the parties to determine what additional attorneys’ fees were owed should the judgment of the District Court be affirmed, as it was.
3. The District Court erred in failing to enforce Blue Cross’ agreement to pay the $146,761.66 judgment.
Before addressing the substantive issues on appeal, we must address the jurisdictional and procedural issues affecting this matter. Blue Cross contends that the district court lacked jurisdiction to adjudicate the attorney fee dispute following the conclusion of the appeal and dismissal of the Supreme Court writ application. We disagree, as the 2014 trial judgment of the district court specifically reserved the issue of attorney’s fees to be adjudicated at a later date.
La. C.C.P. art. 2088 provides, in pertinent part:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal...
I .¡This article contains a list of specific actions over which a district court retains jurisdiction in a case after the filing of an order of appeal. As this Court has explained:
... the list of circumstances over which the trial court retains jurisdiction enumerated in La. C.C.P. art. 2088 is not intended to be exclusive.... Under the express provisions of the article, the trial court is not considered divested of jurisdiction to consider any issue that is “not reviewable on appeal.” This language, “not reviewable under the appeal,” has generally been interpreted to give the trial court continuing jurisdiction over all issues that are “unaffected by the appeal,” even if the issue is not specifically listed in La. C.C.P. art. 2088.
State Through Dep’t of Soc. Servs. on Behalf of Harden v. S. Baptist Hosp., 94-2228, pp. 6-7 (La.App. 4 Cir. 10/12/95), 663 So.2d 443, 448-49 (internal citations omitted)(emphasis added).
As the Louisiana Fifth Circuit Court of Appeal explained in Law Offices of Fred L. Herman, APLC v. Helmer, 2013-235, p. 4 (La.App. 5 Cir. 10/9/13), 128 So.3d 310, 312, “the enumerated list of matters in Article 2088 over which the trial court retains jurisdiction is not exclusive, and that the inquiry on this issue is instead whether the matters in question are reviewable in the appeal.” Id. The court determined that a particular attorney fee dispute, which was decided by the district court and was before the Fifth Circuit on a second appeal, was not reviewed on the original appeal of the underlying claim; the Fifth Circuit found that the adjudication of the amount of attorney’s fees was “specifically reserved by the trial judge for resolution at a later date.” Id. Under those facts, the Fifth Circuit rejected the argument that the district court lost jurisdiction when the underlying judgment was appealed. See also Quantum Res. Mgmt., L.L.C. v. Pirate Lake Oil Corp., 2013-74, pp. 7-8 (La.App. 5 Cir. 10/30/13), 128 So.3d 462, 466, Brandner v. Staf-Rath, L.L.C., 2012-62, p. 3 (La.App. 5 Cir. 5/31/12), 102 So.3d 186, 188-189 n. 3, Thibaut v. Thi *103 baut, 607 So.2d 587, 609 (La. App. 1st Cir. 1992).
We find this reasoning persuasive. Here, the 2014 trial judgment awarded Doe “reasonable attorney fees to be determined at a later date.”'The district court specifically reserved determination of the amount of attorney’s fees for future adjudication, and this issue was not reviewed by this Court on the original appeal of the 2014 trial judgment. Thus, the district court was not divested of jurisdiction over the instant attorney fee dispute. This argument lacks merit.
We now turn to the merits of Doe’s claim for post-trial attorney’s fees. “Whether attorney’s fees should be awarded is left to the sound discretion of the trial court and an award should not be disturbed on appeal absent an abuse of discretion.” Dixie Servs., L.L.C. v. R & B Falcon Drilling USA, Inc., 2005-1212, p. 9 (La.App. 4 Cir. 3/21/07), 955 So.2d 214, 220 (citations omitted). “Attorney’s fees are not allowed except where authorized by statute or contract.” Id. (citations omitted).
In her first assignment of error, Doe argues that the district court erred concluding that this Court did not grant her attorney’s fees. According to Doe’s argument, post-trial attorney’s fees are owed as a matter of law. We disagree.
Doe correctly notes that this Court upheld the 2014 trial judgment, which included an award of “reasonable attorney fees” in an amount reserved for future adjudication. However, we find no support, in fact or. law, to support the contention] fl that this Court’s affirmance of the 2014 trial judgment equates to a neio award of post-trial attorney’s fees. We find no error in the lower court’s observation that this Court did not award additional attorney’s fees to Doe on the appeal of the 2014 trial judgment.
Doe cites to no authority, and we find none, mandating that post-trial attorney’s fees are required as a matter of law under the facts of this case. We recognize that, where attorney’s fees are requested via the proper appellate procedure, appellate courts have allowed an increase in attorney’s fees where a party was awarded attorney’s fees by the trial court and was forced to and successfully defended an appeal. See, e.g., Houston v. Blue Cross Blue Shield of La., 37,097, pp. 17-18 (La.App. 2 Cir. 4/9/03), 843 So.2d 542, 552. Courts have also found that whether to award attorney’s fees for work done on appeal, when the attorney is less than 100% successful, is an issue to be determined on a case by case basis. Vander v. Safeway Ins. Co. of La., 2008-888, p. 11 (La.App. 3 Cir. 2/25/09), 5 So.3d 968, 975. Moreover, awards of attorney’s fees are “not automatic ..., but rather rest within the discretion of the [fact finder]...” Sher v. Lafayette Ins. Co., 2007-2441, p. 21 (La. 4/8/08), 988 So.2d 186, 203, on reh’g in part (7/7/08)(quoting Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 11 (La. 7/1/97), 696 So.2d 1382, 1389).
La. R.S. 22:1023(F)(1)(c) provides for an award of “reasonable attorney fees as determined by the court, in the case of a successful action to enforce any liability under this Section [the Louisiana Genetic Information - Non-Diserimination 17Act].” Again, “reasonable attorney fees to be determined at a later date” were awarded in the 2014 trial judgment. Doe answered Blue Cross’ appeal asking for an increase in statutory damages and “reasonable attorney’s fees.” This • Court affirmed the 2014 trial judgment in its entirety without awarding any additional amounts to Doe or providing any remand instructions to the district court to award additional attorney’s fees. See Doe, 2014-0789, 172 So.3d 132. Doe did not apply to this Court for *104 rehearing or seek supervisory review from the Louisiana Supreme Court. This assignment of error is without merit.
We now consider together the remaining assignments of error, which address the agreement between the parties as to the amount of attorney’s fees. In her second assignment of error, Doe argues that the district court failed to enforce the stipulation between the parties to determine what additional attorney’s fees were owed upon affirmance of the 2014 trial judgment. Doe further contends, in her third assignment of error, that the lower court “erred in failing to enforce Blue Cross’ agreement to pay the $146,761.66 judgment.”
A “stipulation has the effect of a judicial admission or confession, which binds all parties and the court.” Peters v. Greyhound Lines, Inc., 2010-0969, p. 5 (La.App. 4 Cir. 11/17/10), 52 So.3d 229, 232 (citing Becht v. Morgan Bldg. & Spas, Inc., 2002-2047, p. 5 (La. 4/23/03), 843 So.2d 1109, 1112); see also La. C.C. art. 1853. “Stipulations between parties are thus binding on the trial court when not in derogation of law, and the stipulations become the law of the case.” Id.
|sThe record reflects that the parties submitted stipulations to the district court that Doe incurred $36,440.50 in attorney’s fees and $756.36 in costs through April 29, 2014. They further stipulated to the following: “in the event the [2014 trial] judgment is ... affirmed, the defendant [Blue Cross] will pay the foregoing sums for attorney[’]s fees and costs through April 29, 2014, together with any sums agreed to or awarded for attorney[]s fees and costs after that date” (emphasis added). Thus, the question before the district court was whether attorney’s fees were “agreed to” or “awarded” after April 29, 2014.
For the reasons discussed in this opinion, we are not persuaded by Doe’s argument that any sums were awarded for attorney’s fees on the prior appeal. Rather, 2014 trial judgment was merely affirmed and no additional attorney’s fees were awarded to Doe by this Court.
We must then consider whether the parties agreed to additional attorneys fees after April 29, 2014. Doe argues that Blue Cross agreed to pay post-trial attorneys fees, essentially, because Blue Cross’ attorney failed to dispute Doe’s $146,761.66 calculation of the judgment in certain email communications and because Blue Cross requested copies of Doe’s post-trial attorney fee invoices. The record before us does not contain any explicit agreement or contract to pay attorneys fees after April 29, 2014. Rather, the record reflects that, following the dismissal of Blue Cross’ Supreme Court writ application, Doe’s attorney inquired via email as to when the 2014 trial judgment would be paid and set forth his calculation of the amount due. Counsel for Blue Cross responded “Send me youi1a timesheets for the $28K”; “Working on it”; and “End of the week?”. It is undisputed that Blue Cross next paid Doe $101,134.40, inclusive of $36,440.50 in attorneys fees through April 29, 2014.
The stipulation at issue provided for Blue Cross to pay Doe’s post-April 29, 2014 attorneys fees, if those fees were “awarded” or “agreed to.” The district court made no findings construing these emails between counsel as an agreement to pay attorneys fees after April 29, 2014, and we find in the record no unequivocal agreement between the parties to pay such fees. “As this court has held, whether to award attorneys fees in a particular case is left to the sound discretion of the trial court.” St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Const. Co., 2012-0167, p. 26 (La.App. 4 Cir. 1/16/13), 108 So.3d 874, 889 (citing Dixie Servs., L.L.C., 2005-1212 at p. 9, 955 So.2d at 220). Under *105 these circumstances, we cannot say that the district court abused its discretion in denying post-trial attorney’s fees, and we decline to disturb the district court’s ruling. These assignments of error are without merit.
For the reasons stated above, we affirm the judgment of the district court denying Jane Doe’s motion to set attorney’s fees.
AFFIRMED

. We note that the attorney’s fees and costs as calculated here by Blue Cross are actually higher than the total of $36,440.50 in attorney’s fees and $756.36 in costs as described in the stipulation.