SUCCESSION OF SCOFIELD DAVIS

NO. 24-C-396

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

August 27, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** NAOMI DAVIS

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 815-612

---

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED; REMANDED FOR FURTHER PROCEEDINGS; AUGUST 26, 2024 STAY LIFTED**

Relator, Naomi Davis, seeks review of the trial court's August 16, 2024 order that lifted a temporary restraining order of her eviction and subsequently ordered the Jefferson Parish Sheriff's Office to proceed with the eviction process of her from the property located at 1001 Garden Road in Marrero, Louisiana. This is the second supervisory writ application contesting the eviction of Relator from the subject property. (*See*, *Succession of Scofield Davis*, 24-269 (La. App. 5 Cir. 7/2/24)(unpublished writ application), where this Court found that the trial court's April 8, 2024 judgment ordering Relator to vacate the premises no later than May 1, 2024, was a final judgment, and the trial court' *ex parte* order directing the Jefferson Parish Sheriff's Office ("the Sheriff's Office") to evict Relator from the premises

and to return the property to Barbara Davis—the executrix of the Succession of Scofield Davis[1]—was proper.)

In this instance, on August 8, 2024, Relator filed a motion for temporary restraining order ("TRO"), preliminary injunction, and permanent injunction, wherein she stated that a writ of possession was issued by the trial court on July 25, 2024 in favor of Barbara Davis; however, Barbara Davis had passed away on July 14, 2024. Relator argued that the execution of the writ of possession was illegal and improper because Barbara Davis died before it was obtained. She contended there is currently no executrix to take possession of the property, and the home will be abandoned to the detriment of all the heirs and creditors.

On August 13, 2024, the trial court issued a TRO restraining the Sheriff's Office from executing the writ of possession and evicting Relator from the property. It also set a rule to show cause hearing on the motion for permanent injunction. At the August 16, 2024 hearing on the motion for permanent injunction, the trial court lifted the TRO, finding that it never had the authority to issue it because there is a pending appeal of the April 8, 2024 judgment.[2] The court reasoned that it never intended to stop Relator's eviction from the subject property.

La. C.C.P. art. 2088(A) provides, in pertinent part:

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal….

Article 2088 "contains a list of specific actions over which a district court retains jurisdiction in a case after the filing of an order of appeal." *Waiters v. deVille*, 20-556 (La. App. 4 Cir. 12/30/20), 365 So.3d 544, 553, *writ denied*, 21-283 (La.

---

[1] Relator is the surviving spouse of Scofield Davis.
[2] *Succession of Scofield Davis*, 24-CA-388.

4/13/21), 313 So.3d 1249, quoting *Doe v. Louisiana Health Service & Indemnity Company*, 16-552 (La. App. 4 Cir. 3/15/17), 214 So.3d 99, 102, *writ denied*, 17-606 (La. 5/26/17), 221 So.3d 865. The language "not reviewable under the appeal" has generally been interpreted to give the trial court continuing jurisdiction over all issues that are unaffected by the appeal, even if the issue is not specifically listed in the La. C.C.P. art. 2088. *Quality Paint Hardware and Marine Supply Inc. v. Crescent Coating and Services, Inc.*, 13-129 (La. App. 5 Cir. 8/27/13), 123 So.3d 780, 784.

In this case, the trial court's order authorizing the issuance of the warrant of possession directed the Sheriff's Office to deliver possession of the property located at 1001 Garden Road to the executrix of the Succession of Scofield Davis, Barbara Davis. The court has notice that Barbara Davis is deceased and is no longer able to take possession of the property. La. C.C.P. art. 3083 provides, "If no executor has been named in the testament, or if the one named is dead, disqualified, or declines the trust, on its own motion or on motion of any interested party, the court shall appoint a dative testamentary executor, in the manner provided for the appointment of an administrator of an intestate succession." Furthermore, the court may appoint a provisional administrator of a succession, on its own motion, pending the appointment of an administrator or the confirmation of an executor, when it deems such appointment necessary to preserve, safeguard, and operate the property of the succession. La. C.C.P. art. 3111. Because the trial court has notice of the death of the executrix and the succession currently has no representative, we find that the appointment of a succession representative to preserve, safeguard, and operate the property is required.[3] According to Relator's motion for devolutive appeal in case

---

[3] *See*, *Succession of Reno*, 15-854 (La. App. 1 Cir. 9/12/16), 202 So.3d 1147, 1154, *writ denied*, 16-2106 (La. 2/10/17), 215 So.3d 701, where the court found that the executor (administrator or succession representative) of a succession is the majordomo of the estate, having possession of all its property, as well as the power and responsibility to preserve its assets and enforce its claims.

number 24-CA-388, the appointment of a representative for the succession is not a contested issue in the appeal. Thus, pursuant to La. C.C.P. art. 2088, the trial court has retained the authority to appoint a dative testamentary executor for the succession (or a provisional administrator in the interim).

Therefore, we find that the trial court erroneously lifted the temporary restraining order of Relator's eviction from the property located at 1001 Garden Road in Marrero, Louisiana, on the basis that the Succession of Scofield Davis has no executor to proceed in the matter. Accordingly, we grant the writ application, reverse the trial court's ruling that lifted the TRO of the eviction proceeding, reinstate the August 13, 2024 temporary restraining order, and remand the matter to the trial court for the appointment of an administrator or executor of the Succession of Scofield Davis, in compliance with all requirements of law. Additionally, because the lifting of the temporary restraining order by the trial court is reversed, we lift the stay order issued by this Court on August 26, 2024.

Gretna, Louisiana, this 27th day of August, 2024.

**MEJ**
**SUS**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/27/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-396**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
James A. Harry (Relator)                    Rudy W. Gorrell, Jr. (Respondent)

### MAILED

William R. Penton, III (Relator)
Attorney at Law
3535 Canal Street
Suite 200
New Orleans, LA 70119

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William R. Penton, III
Attorney at Law
3535 Canal Street
Suite 200
New Orleans, LA 70119
24-C-396                    08-27-24

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3565 76

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8292

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

x *Evelyn Bardales*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☑ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt