**JACK ADAMS**                          *          **NO. 2025-C-0026**

**VERSUS**                               *

                                         *          **COURT OF APPEAL**

**RICK M. SUTTON**                       *          **FOURTH CIRCUIT**

                                         *          **STATE OF LOUISIANA**

                              * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-10709 C\W 2017-03907, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Karen K. Herman)


James M. Garner
Joshua S. Force
Stuart D. Kottle
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street
Suite 2800
New Orleans, LA 70112


        COUNSEL FOR RELATORS


Robert G. Harvey, Sr.
600 N. Carrollton Avenue
New Orleans, LA 70119


        COUNSEL FOR RESPONDENT


                              **WRIT GRANTED; STAY LIFTED**

                              **MAY 1, 2025**

*DLD*
*DNA*
*KKH*
The Relators, Kim M. Boyle, Stephanie M. Poucher, and Phelps Dunbar, L.L.P., seek review of the trial court's January 3, 2025 oral ruling denying their Exception of Lack of Subject Matter Jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Sutton and Mr. Adams "entered into a business relationship regarding the operation/creation of a jewelry shop and art gallery on Royal Street." *Sutton*, 2024-0287, 2024-0288, 2024-0387, 2024-0390, p.1 (La. App. 4 Cir. 3/21/25), -- So.3d --, 2025 WL 880000, *1. In furtherance of the venture, Mr. Sutton and Mr. Adams created RJANO Holdings, Inc. (RJANO), the entity that leased the Royal Street property, and Maison Royale, L.L.C. (Maison), the entity that operated the business. "The relationship between Mr. Sutton and Mr. Adams deteriorated and numerous lawsuits have followed." *Id*.

Ms. Boyle and her firm, Phelps Dunbar, represented Mr. Adams, RJANO, and Maison. *Id*. Mr. Sutton filed a Motion to Disqualify Ms. Boyle and an associate. On November 10, 2021, the trial court issued a Judgment, granting Mr. Sutton's Motion to Disqualify Counsel of Record in part and denying the Motion in part. Specifically, the trial court determined that Ms. Boyle was not disqualified

1

from representing any party. However, the trial court ordered that Ms. Boyle withdraw from representing Mr. Adams or RJANO and Maison Royale, providing that Ms. Boyle could no longer represent Mr. Adams and the corporations contemporaneously. Thereafter, Mr. Sutton filed a Motion for Contempt, claiming Ms. Boyle failed to withdraw as ordered. *Id*., p.2, -- So.3d at --, 2025 WL 880000, at *1. Mr. Sutton filed a separate Motion to Disqualify Ms. Boyle from representing any party in this matter. While the Motion for Contempt and the Motion to Disqualify were under advisement, there was an automatic stay resulting from a bankruptcy proceeding. Once the stay was lifted, the trial court rendered Judgment on January 31, 2024, that disqualified Ms. Boyle and Phelps Dunbar from representing any party in this matter, granted the Motion for Contempt, and provided that Phelps Dunbar's withdrawal from the case would purge the order of contempt. *Id*. Ms. Boyle and Phelps Dunbar sought a suspensive appeal of the January 31, 2024 Judgment.

During the pendency of the appeal, Mr. Sutton filed the Expedited Motion for Contempt. Therein, Mr. Sutton contended that disqualification was a remedy for a conflict of interest. Mr. Sutton averred Relators possessed a conflict of interest arising from the representation of Mr. Adams to the detriment of the corporate entities. Mr. Sutton claimed the Relators filed an *Ex Parte* Motion to Withdraw as Counsel of Record for RJANO on June 12, 2024, and during the hearing, argued RJANO was dissolute and a receiver should be appointed. Mr. Sutton suggested the *Ex Parte* Motion violated the trial court's December 7, 2018 Judgment prohibiting Mr. Adams from unilaterally acting on behalf of RJANO. Mr. Sutton argued this filing also violated the trial court's November 10, 2021 and January 31, 2024 Judgments. Mr. Sutton contended he filed a subpoena in the

2

Division N suit seeking the Relators' legal file on RJANO and the Relators refused to produce the file. Mr. Sutton averred this was an additional instance of the Relators taking a position on behalf of Mr. Adams and against RJANO. Mr. Sutton included other pleadings as an exhibit, contending the filing of these pleadings violated the trial court's Judgments.

In response to the Expedited Motion for Contempt, the Relators filed their Exception of Lack of Subject Matter Jurisdiction. The Relators contended that as the Expedited Motion was related to the issues on appeal, the trial court lacked jurisdiction. Further, the Relators averred that as the underlying Division L matter had been consolidated with a Division N case, Division L lacked jurisdiction to consider the Expedited Motion.

Mr. Sutton filed a consolidated Opposition to the Motion to Continue Contempt Hearing, Exception of Lack of Subject Matter Jurisdiction, and Reply in Support of the Expedited Motion for Contempt. Mr. Sutton argued a trial court has the authority to enforce its orders and that Division L retained authority to determine whether the Relators violated the Judgments rendered by Division L.

On January 3, 2025, the trial court held a hearing on the Exception of Lack of Subject Matter Jurisdiction and the Expedited Motion for Contempt. The trial court denied the Exception. During the hearing, the trial court claimed the issue before the trial court on January 3, 2025 was compliance with the January 31, 2024 Judgment. At the close of the hearing, the trial court requested memoranda on the issue of disqualification versus contempt in the January 31, 2024 Judgment. On January 3, 2025, the Relators filed a Notice of Intent. On January 3, 2025, the trial court set a return date of January 10, 2025 for the filing of an Application for Supervisory Writs. The trial court stayed further proceedings pending appellate

3

review.  The Relator timely filed its Application.  This matter was ordered stayed pending this Court's opinion being rendered in *Sutton*, 2024-0287.

**DISCUSSION**

An exception of lack of subject matter jurisdiction presents a question of law that is reviewed *de novo* by appellate courts.  *Int'l Rivercenter Lessee, L.L.C. v. Robinson*, 2022-0428, p.23 (La. App. 4 Cir. 12/28/22), 355 So.3d 1125, 1139 (citing *St. Bernard Par. Gov't v. Perniciaro*, 2019-0604, p.4 (La. App. 4 Cir. 3/11/20), 364 So.3d. 185, 188).  This Court further noted:

> "Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. C.C.P. art. 1. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; and a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

*Int'l Rivercenter Lessee, L.L.C.*, 2022-0428, p.24, 355 So.3d 1125, 1140

Relators contend they cannot be found in contempt for violating the January 31, 2024 Judgment while that judgment was the subject of a pending suspensive appeal.  In support, Relators cite to La. C.C.P. art. 2088.  In pertinent part, Article 2088 provides:

> The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to do any of the following:

> (1) Allow the taking of a deposition, as provided in Article 1433.

4

(2) Extend the return day of the appeal, as provided in Article 2125.

(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131.

(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132.

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126.

(6) Grant an appeal to another party.

(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal.

(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658.

(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal.

(10) Set and tax costs, expert witness fees, and attorney fees.

(11) Certify a partial judgment or partial summary judgment in accordance with Article 1915(B).

(12) Amend a judgment to provide proper decretal language under Article 1918 or 1951.

La. C.C.P. art. 2088(A).

The Relators contend as the January 31, 2024 Judgment is directly linked to the Expedited Motion for Contempt, the trial court lacked jurisdiction to further adjudicate the contempt and disqualification as the Relators were granted a suspensive appeal. The Relators cite *Granaio, L.L.C. v. City of New Orleans*, 2024-0438 (La. App. 4 Cir. 12/30/24), -- So.3d --, 2024 WL 5244749. Therein, this Court affirmed the trial court's determination that it lacked jurisdiction when a "second request for injunctive relief involved the same parties and same issues

involved in [the] first request for injunctive relief where a suspensive appeal had already been granted." *Granaio*, *L.L.C.*, 2024-0438, p.5, 2024 WL 5244749, at *3. The Relators argue Mr. Sutton sought the same relief in the Expedited Motion as in the original motion leading to the January 31, 2024 Judgment – disqualification and statutory remedies for contempt. The Relators contend Mr. Sutton's argument, that the disqualification and the contempt were separate issues in the January 31, 2024 Judgment and that only the contempt portion was appealed, lacked merit. The Relators argue the issues were connected, pointing in support to the language of the January 31, 2024 Judgment that Phelps Dunbar's complete withdrawal from the case would purge the contempt. The Relators conclude the trial court lacked jurisdiction to consider the second Motion for Contempt, the Expedited Motion, where a suspensive appeal of the January 31, 2024 Judgment had already been granted.

The Relators also contend that Division L specifically lacked jurisdiction to hear the Expedited Motion for Contempt. The Relators note the suit wherein Division L issued the November 10, 2021 Judgment, *Sutton v. Adams*, Civil District Court, Docket Number: 2017-3907, was consolidated with *Sutton v. Adams*, Civil District Court, Division N, Docket Number: 2014-10709, and transferred to Division N. The Relators cite *Jackson v. Pfeifer*, 2013-0440 (La. App. 4 Cir. 7/31/13), 156 So.3d 113 in support. In *Jackson*, this Court cited Rule 9.2 of the Uniform Rules of the District Courts, which provides:

> Except as allowed by La. Code Civ. Proc. art. 253.3, all contested matters shall be heard by the judge to whom the matter was allotted. The judge to whom the action has been allotted may designate the order-signing judge or any other judge to sign such orders and set such hearings, and in his or her absence, to hear such matters where necessary to comply with law, or when deemed to be

6

an emergency, in accordance with La. Code Civ. Proc. arts. 253.2 and 253.3.

*Jackson*, 2013-0440, p.6, 156 So.3d at 116.

The Relators contend as Division N did not designate Division L to hear the Expedited Motion for Contempt, Division L lacked authority to do so. The Relators conclude Division L lacked jurisdiction to hear and rule on the Expedited Motion for Contempt.

Mr. Sutton claims that the alleged contemptuous actions violated the November 10, 2021 and December 7, 2018 Judgments. Mr. Sutton avers the violations of these Judgments provide independent grounds for contempt and an independent basis for subject matter jurisdiction. Mr. Sutton contends he sought for the trial court to find a conflict sufficient to disqualify Relators as well as to hold them in contempt. Mr. Sutton suggests that the disqualification and contempt are separate issues and that violations of the November 10, 2021 and December 7, 2018 Judgments allow Division L to hold the Relators in contempt.

In *Doe v. Louisiana Health Serv. & Indem. Co.*, 2016-0552, p.4 (La. App. 4 Cir. 3/15/17), 214 So.3d 99, 102, this Court discussed La. C.C.P. art. 2088. This Court noted the enumerated lists of matters contained in La. C.C.P. art. 2088 are not exclusive. *Doe*, 2016-0552, p.4, 214 So.3d at 102. This Court indicated, "'not reviewable under the appeal,' has generally been interpreted to give the trial court continuing jurisdiction over all issues that are 'unaffected by the appeal,' even if the issue is not specifically listed in La. C.C.P. art. 2088." *Id*. (quoting *State Through Dep't of Soc. Servs. on Behalf of Harden v. S. Baptist Hosp.*, 94-2228, pp.6-7 (La. App. 4 Cir. 10/12/95), 663 So.2d 443, 448–449 (internal citations omitted)).

7

In this instance, Mr. Sutton's claim that the November 10, 2021 and December 7, 2021 Judgments provide an independent basis for contempt is disingenuous. Mr. Sutton specifically argued the Relators violated the January 31, 2024 Judgment in the Expedited Motion. During the January 3, 2025 hearing, the January 31, 2024 Judgment was mentioned numerous times. Counsel for Mr. Sutton explicitly offered the January 31, 2024 Judgment as an exhibit to the Expedited Motion during the January 3, 2025 hearing. The January 31, 2024 Judgment disqualified the law firm of Phelps Dunbar from representing any party in the proceeding, granted Mr. Sutton's motion for contempt, and found that Phelps Dunbar's withdrawal from the case would purge the order of contempt. The precise wording of the January 31, 2024 Judgment intertwined the issue of disqualification with the issue of contempt. Ms. Boyle and Phelps Dunbar specifically argued they did not violate the November 10, 2021 Judgment, that the trial court erred by ordering a legally improper punishment for the alleged contempt, and that the trial court improperly imposed a contempt punishment on Phelps Dunbar without providing notice. *Sutton*, 2024-0287, p.3, -- So.3d at --, 2025 WL 880000, at *2. During the pendency of the suspensive appeal of the January 31, 2024 Judgment, Mr. Sutton filed the Expedited Motion, seeking again to disqualify Phelps Dunbar based on an alleged conflict of interest. The Expedited Motion also specifically requested the Relators be held in contempt for violating the January 31, 2024 Judgment as it pertains to the disqualification. The trial court lacked jurisdiction over the Expedited Motion for Contempt as it pertained to issues, contempt and disqualification, that were directly affected by the appeal of the January 31, 2024 Judgment. The trial court erred in denying the Exception of Lack of Subject Matter Jurisdiction.

**CONCLUSION**

For the above and foregoing reasons: the stay in this matter is hereby lifted; this writ is granted; the trial court's ruling denying the Relators' Exception of Lack of Subject Matter Jurisdiction is reversed; and the Relators' Exception of Lack of Subject Matter Jurisdiction is now granted.

**WRIT GRANTED; STAY LIFTED**